Case 2:13-cv-04452-AB-E

FILED
CLERK, U.S. DISTRICT COURT
OCT - 2 2014
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SCOTT T. BRANDT, an individual,

Plaintiff,

v.

AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY, CHARTIS SPECIALTY INSURANCE COMPANY, BCS INSURANCE COMPANY, ZURICH AMERICAN INSURANCE COMPANY and DOES 1-50, Inclusive,

Defendants.

Case No. 2:13-cv-4452-AB (Ex)

**[~~PROPOSED~~] PROTECTIVE ORDER**

[Filed concurrently with Stipulation for Protective Order]

After having reviewed the Stipulation for Protective Order, and good cause appearing, the Court orders as follows:

1. Any party in the lawsuit styled Brandt v. American International Specialty Lines Insurance Company, et al., U.S.D.C. Case No. Case No. 2:13-cv-4452-ABC (Ex) (the "Case"), may, by written notice, or by a statement on the record at a deposition, designate any material that the party in good faith believes to be confidential, privileged, private, commercial, financial information, or "trade

19534175v1

Case 2:13-cv-04452-AB-E

secrets" as defined in California Civil Code section 3426.1[1] and incorporated herein by this reference, not previously made available to the public or the receiving party, as "CONFIDENTIAL" under the terms of this Protective Order.

2. Documents that contain non-public information may be designated as "CONFIDENTIAL" in the manner described below for materials concerning the producing party's trade secrets (as defined in California Civil Code section 3426.1) or other proprietary or confidential financial, operational, research and development or commercially sensitive information, information that implicates privacy rights, or information as to which the producing party otherwise has a business or legal need for confidentiality. The documents which may be designated as "CONFIDENTIAL" contain the following categories of information that the Parties have thus far identified as potentially requiring protection under this Protective Order:

- attorney fee billing invoices;
- claims handling manuals, procedures, guides and training materials;
- underwriting manuals, procedures, guides and training materials;

3. The foregoing categories of information may be found in any of the following types of documents, all of which may be designated as "CONFIDENTIAL" under this Protective Order, as appropriate:

(a) exhibits, answers to interrogatories, responses to requests for admissions and deposition transcriptions and all original

[1] California Civil Code Section 3426.1(d) provides: "Trade secret shall mean information, including, but not limited to, a drawing, formula, pattern, compilation, program, device, method, technique, code, or process that: (a) Derives independent economic value, actual or potential, from not being known to, and not being ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and (b) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy."

Case 2:13-cv-04452-AB-E D

written, recorded, graphic or electronic matters (and all identical and non-identical copies thereof);

(b) any copies, notes, abstracts or summaries of such information, and the information itself; or

(c) any pleading, affidavit, declaration, brief, motion, transcript or other writing containing such information.

Notwithstanding anything to the contrary in this Order, a producing party may designate as "CONFIDENTIAL" any information or documents previously transmitted or disclosed pursuant to a written agreement regarding the confidentiality of such information or documents, or which is/are protected as confidential or privileged by statute, rule, or regulation. Further, notwithstanding anything to the contrary in this Order, any and all billing invoices or related documents reflecting services performed by or on behalf of counsel may be designated as "Confidential," regardless of when or under what circumstances the documents were disclosed.

4. Only non-public documents and documents not previously in the possession of the receiving party may be designated as "Confidential." Accordingly, "CONFIDENTIAL" materials shall not include any documents concerning information that at any time has been: (a) produced, disclosed or made available to the receiving party, the public or otherwise available for public access; or (b) disclosed in connection with any governmental public filing which could not reasonably be assumed to be or have been intended to be kept confidential. Any document concerning information that has not been preserved or maintained in a manner calculated to preserve its confidentiality shall not be designated as "Confidential."

5. Any documents, material or information to be designated "CONFIDENTIAL" pursuant to this Order may be so designated by stamping or otherwise affixing on the documents, material or information the legend

Case 2:13-cv-04452-AB-E

"CONFIDENTIAL" prior to their production. Documents or things which cannot be reasonably labeled pursuant to this paragraph should be so designated by the producing party by informing the receiving party in writing. Confidential information consisting of a multi-page document must contain the required legend on every page designated as confidential. In the case of a deposition transcript, transcript of a court or other related proceeding, an admission, interrogatory answer, or other discovery response, the required legend shall be stamped or affixed immediately preceding the portion of such matter as is being designated confidential.

6. If material originally produced without the required legend is subsequently designated as confidential by any party, including the party who originally produced the material, the designating party shall provide all parties with a copy of that material bearing the required legend. Upon receipt of the copy of the material bearing the legend, the receiving party shall: (a) affix the required legend to each page of the previously non-designated copies in its possession; or (b) make reasonable arrangements to ensure the confidentiality of all non-designated copies (including any electronic copies) in its possession.

7. All documents produced prior to the date of this Protective Order will not be considered confidential **unless previously provided to a party pursuant to a written confidentiality agreement with the recipient or which is/are protected as confidential or privileged by court order, statute, rule, or regulation**, regardless of whether these documents are stamped "CONFIDENTIAL" when produced.

8. Nothing herein shall require defendants to destroy or alter documents, whether in electronic or hardcopy format, in their claim files, underwriting files, or other files or records they maintain and/or are required to maintain in the course of business.

Case 2:13-cv-04452-AB-E

9. Any party may, within a reasonable time, object to any other party's designation of information as " CONFIDENTIAL" under this Order as follows: 1) in depositions or court proceedings by stating such objection on the record on the record; or 2) in a writing served on all parties that that specifies the designation objected to and the basis therefore. It shall be the burden of the party designating testimony, documents or information as " CONFIDENTIAL" under this Order to demonstrate to the Court's satisfaction the propriety of that party's designations.

10. If counsel for the party receiving documents, material, or information designated as "CONFIDENTIAL" (the "receiving party") objects to such designation of any or all of such items, counsel shall within a reasonable time after receipt, advise the party producing the items (the "producing party") of such objections and the reasons therefore. All of the items shall be treated as "CONFIDENTIAL" pending a resolution of the parties' dispute. It shall be the burden of the producing party to demonstrate to the Court's satisfaction the propriety of the "CONFIDENTIAL" designation. The producing party must file a motion with the Court not later than 21 days after receiving notice of the objection as set forth in paragraph 9, unless otherwise agreed by the parties, and the material designated as "CONFIDENTIAL" shall be treated as confidential until the Court rules on the motion. If the producing party does not file a motion within 21 days, or within a longer time period if mutually agreed by the parties, the material previously designated as "CONFIDENTIAL" shall be deemed no longer to be confidential.

11. If any party wishes to use or inquire at any deposition concerning documents, material, or information designated as "CONFIDENTIAL" the portion of the deposition transcript that relates to such documents, material, or information shall be designated and treated as "CONFIDENTIAL" and subject to this Order. Further, any party may designate any additional portion of deposition testimony in

Case 2:13-cv-04452-AB-E

this Case "CONFIDENTIAL" no later than fifteen (15) days after receipt of the deposition transcript, subject to the provisions of paragraphs 4 and 5, above.

12. Documents or material (including portions of deposition transcripts) designated as "CONFIDENTIAL" or information derived solely therefrom, may only be disclosed or made available by the party receiving such information to "Qualified Persons," who, in the case of documents, material or information designated as "CONFIDENTIAL" are defined to consist solely of:

(a) The Court and any trier or finder of fact, such as the members of a jury impaneled in this action (at any trial or oral hearing and in the manner provided by paragraph 15 hereof);

(b) Counsel (including "in-house" counsel) for the parties in this Case and the paralegal, clerical (including data entry and IT personnel) and secretarial staff employed by such counsel;

(c) Court reporters, videographers or similar personnel;

(d) Any party's witness during the course of that witness' deposition or testimony in court;

(e) Experts and/or advisors consulted by the parties or their counsel in connection with this Case, whether or not retained to testify at trial; provided that prior to any such disclosure counsel for the party making the disclosure shall deliver a copy of this Protective Order to the expert and/or advisor, shall explain its terms to the expert and/or advisor, and shall secure the signature of the expert and/or advisor on a letter in the form attached hereto as Exhibit A;

(f) Corporate representatives selected by the corporate parties to this litigation;

(g) Agents, reinsurers, regulators and auditors; and

Case 2:13-cv-04452-AB-E

(h) Any other person as to whom the producing party agrees in writing prior to disclosure.

13. Documents and materials designated as "CONFIDENTIAL" and information derived solely therefrom shall be used by the parties and their counsel only for the purposes of preparing for and acting in this Case. Documents and materials designated as "CONFIDENTIAL" and information derived solely therefrom shall not be used by the parties or their counsel except as expressly permitted herein. Moreover, any document containing summary or recitation of any part of the content of a "CONFIDENTIAL" document or of confidential information also shall be deemed to be a "CONFIDENTIAL" document and have the required legend affixed to it, and subject to all of the protections and restrictions in this Protective Order.

14. No copies shall be made of any "CONFIDENTIAL" document except as deemed reasonably necessary in this Case. Counsel for each party shall take such steps as they reasonably believe are appropriate to advise those persons employed or retained in clerical, stenographic or ministerial functions of the restrictions upon dissemination of "CONFIDENTIAL" documents provided by this Protective Order.

15. Nothing herein shall impose any restrictions on the use or disclosure by a party or witness of documents or information obtained lawfully by such party or witness independently of the discovery proceedings in this Case, or from a source independent of the producing party, whether or not such documents or information are also obtained from the producing party through discovery in this Case, except as stated in paragraph 3 above.

16. Nothing contained herein shall constitute a waiver of or otherwise restrict a party's right to propound discovery or object to discovery of or use of any documents or information in this Case. Nothing contained herein shall constitute a

Case 2:13-cv-04452-AB-E

waiver by a receiving party of the right to object to the designation of documents, materials, or information as "CONFIDENTIAL."

17. Nothing contained herein shall constitute a waiver of any previously made objections to production requests, including objections based on relevancy, privacy, and/or proprietary information. Nothing contained herein shall obligate any party to produce any documents or disclose any information withheld subject to any valid objection.

18. A Party that seeks to file under seal any documents and material designated as "CONFIDENTIAL" must comply with Civil Local Rule 5.3(c) and this Court's Standing Orders. In lieu of this procedure, the designating and filing parties may agree to file a redacted version of the documents or material designated as "CONFIDENTIAL".

19. All Court orders will be presumptively available to the public. Therefore, if a party files any evidence, motion or other papers under seal pursuant to this Protective Order, all papers that refer to or rely upon such evidence shall designate the particular aspects that are confidential. By so designating, the parties will enable the Court, in drafting orders, to determine whether there is evidence which the Court should attempt not to disclose. Absent such advance notification, the Court will be free to incorporate all such evidence in its written and oral rulings.

20. If any party wishes to use documents and materials designated as "CONFIDENTIAL" at Trial, any such documents and materials that were designated as "CONFIDENTIAL" and/or kept and maintained pursuant to the terms of this Protective Order will become public and will be presumptively available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

21. Each non-lawyer given access to documents, material or information designated "CONFIDENTIAL" pursuant to the terms hereof shall be advised that

Case 2:13-cv-04452-AB-E

the documents, material, or information are being disclosed pursuant to and subject to the terms of this Protective Order and may not be disclosed other than pursuant to the terms hereof.

22. Complying with the terms of this Protective Order shall not:

(a) operate as an admission by any party that any particular documents, material, or information contain or reflect currently valuable proprietary or commercial information; or

(b) prejudice in any way the right of a party at any time:

(i) to seek a determination by the Court of whether any particular documents, item of material, or piece of information should be subject to the terms of this Protective Order;

(ii) to seek modifications of this Protective Order;

(iii) to present a motion to the Court for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein; or

(iv) to seek relief on appropriate notice from any provision(s) of this Protective Order, either generally or as to any particular documents, item of material, or piece of information.

21. Upon termination of the above-captioned Case (i.e., after final judgment is entered and all appeal periods have expired or appeals been finally decided, or after final resolution of the Case by settlement), or at any time thereafter, the receiving party shall make all reasonable efforts to ensure that all such documents and/or information will remain subject to the terms of this Protective Order. The prohibitions of this Protective Order which restrict the disclosure and use of "CONFIDENTIAL" materials shall continue to be binding

upon a party and the party's outside counsel to the extent that the party (and/or the party's outside counsel) retains any such "CONFIDENTIAL" documents or materials and and/or copies thereof. The Court shall retain jurisdiction following the resolution of the Case to enforce the terms of this Protective Order.

22. All documents, material, and information designated as "CONFIDENTIAL" may only be used by the parties to this Case, and Qualified Persons, subject to the rights of any party to raise any other objections to the use of such discovery material.

23. Nothing contained herein will limit the parties' use of non-confidential documents in conjunction with this litigation. No party will have any liability for non-confidential documents that may have been produced to third parties, even if those documents are subsequently designated as "CONFIDENTIAL" pursuant to this Protective Order.

24. It is the intent of the Parties that production by any Party of any information, including electronically stored information, during discovery in this action shall be without prejudice to claim that such material was inadvertently produced and is protected by the attorney-client privilege or work product doctrine, and no party shall be held to have waived any rights by such inadvertent production. If information produced in discovery is subject to a claim of privilege, the parties shall comply with Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure.

25. This Order shall not in any way prejudice the rights of any party to object to the admissibility at trial of any information produced during discovery in this action.

26. The Court is not bound by the terms of this Protective Order.

27. This Protective Order may be modified by subsequent Order of the Court, and the parties may seek such modification.

Case 2:13-cv-04452-AB-E

28. This Court shall retain jurisdiction over all persons subject to this Protective Order for the purposes of enforcing this Protective Order.

**SO ORDERED:**

DATED this 2nd, day of October, 2014.

~~Andre Birotte,~~ ~~Jr.~~
~~United States District Judge~~
Charles F. Eick
United States Magistrate Judge

19534175v1

Case 2:13-cv-04452-AB-E

**EXHIBIT A**

LIMITED SPECIAL APPEARANCE AND AGREEMENT
FOR ACCESS TO CONFIDENTIAL DOCUMENTS AND INFORMATION

I hereby acknowledge and affirm that I have read the terms and conditions of the Protective Order entered by the Court in the above-captioned Proceeding on the ________ day of ________________. I understand the terms of the Court's Order and under oath consent to be bound by the terms of the Court's Order as a condition to being provided access to confidential documents and information furnished by ________________________________. By executing this Agreement, I hereby consent to the jurisdiction of the above-captioned Court for the special and limited purpose of enforcing the terms of the Court's Protective Order.

I hereby declare under the penalty of perjury under the laws of the United States of America that the above statements are true and correct.

Dated:_____________

By:________________________________

Name:________________________________

Title:________________________________

Affiliation:____________________________

Address:______________________________